UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PLUMBERS LOCAL 98 DEFINED BENEFIT PENSION FUND, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>DAN ALLOR PLUMBING AND HEATING COMANY, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 23-cv-11021<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE OF A SUBPOENA (ECF NO. 47)

　　Plaintiffs move for alternate service of a subpoena on non-party witness Pamella Fife. ECF No. 47. The Honorable Gershwin A. Drain referred the motion to the undersigned for hearing and determination. ECF No. 49.

　　Under Federal Rule of Civil Procedure 45(b)(1), "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Rule 45(b) expressly requires personal service; "the rule makes no allowance for service by alternate

means." *Powell v. State Farm Fire & Cas. Co.*, No. 15-13342, 2015 WL 13619425, at *1 (E.D. Mich. Dec. 23, 2015).

But Rule 45 allows for "service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort." *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011). Alternate means must be reasonably calculated to insure delivery. *Id.* (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 318 (1950)). "Mailing by first-class mail to the actual address of the intended recipient generally will suffice, especially when the mailing is accompanied by posting at the known address of the prospective witness." *Id.* (cleaned up).

Plaintiffs' process server, Renee Paquette, made three unsuccessful attempts to serve Ms. Fife at her home at 835 Saddle Club Lane, Howell, MI 48843. ECF No. 47-3, PageID.296.[1] Each time, Paquette knocked on the door and rang the doorbell, but no one answered. *Id.* Twice, Paquette saw a woman matching Ms. Fife's description inside the house, but Fife refused to answer the door. *Id.* Thus, plaintiffs made diligent efforts to

---

[1] Defendants contend that Paquette's affidavit is not notarized and does not state that it was made under penalty of perjury. ECF No. 48, PageID.302. But Paquette signed the affidavit "having first been duly sworn," and defendants do not argue that Paquette's statements are untrue. ECF No. 47-3, PageID.296.

personally serve Ms. Fife. Mailing and posting the subpoena and related documents to Ms. Fife's current residence are methods of alternate service that will result in actual delivery. Thus, plaintiffs' motion for alternate service is **GRANTED,** and service may be effected by:

- Mailing the subpoena, notice of deposition, witness fees, and a copy of this order, via first-class and certified mail, to Ms. Fife's residence at 835 Saddle Club Lane, Howell, MI 48843, and

- Tacking or affixing, by a process server, the subpoena, notice of deposition, and a copy of this this order at Ms. Fife's residence at 835 Saddle Club Lane, Howell, MI 48843.

Although defendants request a protective order because Ms. Fife's health precludes her from appearing for a deposition, they improperly made that request in their response to plaintiffs' motion instead of moving for that relief. *See* E.D. Mich. LR 7.1(i) ("Motions must not be combined with any other stand-alone document.").

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: September 17, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 17, 2024.

S/Davon Allen  
Davon Allen  
Case Manager
